

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:10CR219–HEH |
| ) | |
| SHANNON ALLEN BEARFIELD, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Shannon Allen Bearfield, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 41).[1] The Government has responded, asserting, *inter alia*, that Bearfield's § 2255 Motion is barred by the statute of limitations. (ECF No. 48.) For the reasons set forth below, Bearfield's § 2255 Motion will be denied.

## I. PROCEDURAL HISTORY

On May 28, 2010, the Government filed a Criminal Complaint against Bearfield, charging him with possession with intent to distribute 50 grams or more of cocaine base. (Criminal Complaint 1, ECF No. 1.) On August 3, 2010, a grand jury charged Bearfield with one count of possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base (Count One), and one count of conspiracy to distribute and possess with intent to distribute a mixture and substance

---

[1] The Court employs the pagination assigned to Bearfield's § 2255 Motion by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in quotations from Bearfield's § 2255 Motion.

containing a detectable amount of cocaine hydrochloride (Count Two). (Indictment 1–2, ECF No. 10.) On October 13, 2010, Bearfield pled guilty to Count One. (Plea Agreement ¶ 1, ECF No. 14.) On January 19, 2011, the Court entered judgment against Bearfield and sentenced him to 320 months of imprisonment. (J. 2, ECF No. 24.) On August 22, 2011, the United States Court of Appeals for the Fourth Circuit dismissed Bearfield's appeal based on the waiver of appellate rights included in Bearfield's Plea Agreement. *United States v. Bearfield*, 443 F. App'x 853, 854 (4th Cir. 2011).

On December 7, 2014, Bearfield placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 13.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Bearfield raises the following claims for relief:[2]

Claim One: "Ineffective assistance of counsel." (§ 2255 Mot. 4.)

Claim Two: "Whether prior offenses used to enhance my sentence [are] no longer applicable." (*Id.* at 5.)

Claim Three: "Whether signed plea agreement at this junction [is] valid." (*Id.* at 7.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

---

[2] Bearfield also asks, "Whether the Amendment 782 applies to me. If this Court vacates and remand[s], do I qualify for the 2-point reduction for cocaine base offense if I'm no longer a career offender." (§ 2255 Mot. 8.)

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Bearfield filed an appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, November 21, 2011, the last date to file a petition for certiorari in the Supreme Court. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days). Hence, Bearfield had until Wednesday, November 21, 2012 to file any motion under 28 U.S.C. § 2255. Because Bearfield did not file his § 2255 motion until December 7, 2014, the motion is untimely under 28 U.S.C. § 2255(f)(1).

### B. Belated Commencement

Bearfield contends that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3) because "pursuant to *Whiteside v. United States* [,748 F.3d 541 (4th Cir.), *rev'd en banc*,

3

775 F.3d 180 (4th Cir. 2014)], a 2255 motion can be used to litigate if a new law becomes available that will reduce my sentence." (§ 2255 Mot. 4.) Bearfield also contends that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3) because the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), "gives [him] sole legal rights to argue prior convictions that no longer apply for enhancement purposes." (*Id.*)

In *Whiteside*, a panel of the Fourth Circuit held that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review," 748 F.3d at 551, and allows a petitioner to bypass any bar imposed by the statute of limitations, *id.* at 548. However, the panel opinion upon which Bearfield relies was reversed by *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc). *Whiteside* therefore provides no basis for rendering Bearfield's § 2255 Motion timely filed.

In *Descamps*, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, individual set of elements." 133 S. Ct. at 2282. Specifically, "*Descamps* held only that a conviction for burglary under California law does not categorically constitute a conviction for generic burglary, and thus cannot qualify as a predicate offense under the [ACCA] provision that references the generic crime." *United States v. Avila*, 770 F.3d 1100, 1106 (4th Cir.

4

2014) (citing *Descamps*, 133 S. Ct. at 2293). *Descamps*, however, is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3). *See King v. United States*, 610 F. App'x 825, 828–29 (11th Cir. 2015); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014); *United States v. Mayes*, No. 3:04CR320, 2015 WL 5793645, at *2 (E.D. Va. Oct. 1, 2015) (citations omitted); *United States v. Morejon*, No. 5:09CR00032-2, 2015 WL 1477765, at *7 (W.D. Va. Mar. 31, 2015) (citations omitted). Bearfield therefore cannot rely on *Descamps* to render his § 2255 Motion timely filed under 28 U.S.C. § 2255(f)(3). Thus, Bearfield has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[3]

### III. CONCLUSION

For the foregoing reasons, Bearfield's § 2255 Motion (ECF No. 41) will be denied. The action will be dismissed as barred by the statute of limitations. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: July 28, 2016
Richmond, Virginia

---

[3] Neither Bearfield nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4), or for equitable tolling.

5